Mustafa Ali HASSEIS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70841.
INS No. A70–948–821.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 13, 2002.

**780**

Before HUG, FARRIS and
SILVERMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Mustafa Ali Hasseis challenges the Board of Immigration Appeals' denial of his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1994).[1] We deny the petition for review.

We review for substantial evidence the BIA's denial of asylum and withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). We may reverse the BIA only if the evidence in the record *compels* a contrary result. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To be eligible for asylum, Hasseis must show: (1) he was persecuted in the past on account of his Palestinian identity; or (2) he has a well-founded fear of future persecution in a particular country on account of his Palestinian identity. INA § 208(a), 8 U.S.C. § 1158(a); 8 C.F.R. § 208.13(b); *see* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A)

(defining "refugee"). To be eligible for withholding of deportation, he must meet the higher standard of showing a "clear probability" that his "life or freedom would be threatened" on account of his Palestinian identity. INA § 243(h), 8 U.S.C. § 1253(h); *Fisher*, 79 F.3d at 961. If he cannot show the well-founded fear of persecution required to qualify for asylum, he necessarily cannot show the right to withholding of deportation. *Id.*

■ The BIA's determination that Hasseis failed to show eligibility for asylum with respect to Kuwait is supported by substantial evidence. Petitioner testified that he cannot reenter Kuwait because he allowed his reentry visa to expire in 1993. His only personal effort to renew this visa was a single phone call in 1993 to an unidentified person at the Kuwaiti embassy who purportedly told him that visas were no longer issued. He cites no other fear of persecution if he were allowed to return to Kuwait, and his parents and siblings, who share his Palestinian identity, continue to reside in Kuwait. His father worked for the Kuwaiti government from the 1960s until his retirement, and his relatives remain in Kuwait without evidence of harm. The BIA took notice that Palestinians, in general, may not presently be permitted to return or remain in Kuwait having not registered as Kuwaiti citizens by June 2000. This acknowledgment does not, however, amount to a finding that Hasseis had established a well-founded fear of persecution with respect to Kuwait, especially given his modest attempts to seek a reentry visa over the past nine years.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), provides that its amendments to the INA generally do not apply to aliens, such as Hasseis, who were in deportation and exclusion proceedings commenced before April 1, 1997. IIRIRA § 309(c).

■ The BIA's decision to deport Hasseis to Jordan is also supported by substantial evidence. Hasseis never designated a country for deportation during his deportation hearings. The INA provides that if deportation to such places as the alien's country of birth or the country from which the alien last entered the United States is impracticable or inadvisable, an alien may be deported "to any country which is willing to accept such alien into its territory." INA § 243(a)(7), 8 U.S.C. § 1253(a)(7). Hasseis has carried a Jordanian passport since birth and can legally enter, return to, and reside in that country. On appeal, Hasseis does not contend, and there is no evidence to suggest, that he would face persecution in Jordan on account of his Palestinian background.

**PETITION DENIED.**